UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:10-00028

**ROMAIRO MABRY**

O R D E R

Pending before the Court is the motion filed by the defendant pro se on March 10, 2014, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.[1]

---

[1] The defendant in his pro se motion seeks relief under Amendments 706 and 711 which became effective for retroactive application on March 8, 2008. The benefit of those amendments was necessarily taken into account when the court sentenced the defendant on June 8, 2010. The court views the motion as seeking relief under Amendment 750 which provided further relief effective November 1, 2011.

The defendant was sentenced on June 8, 2010, by Judgment Order entered June 22, 2010, for a cocaine base distribution offense that carried a 5-year to 40-year penalty. The defendant was sentenced to a period of 150 months imprisonment as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b).  The career offender guideline resulted in the defendant being assigned a Base Offense Level of 34 based upon the offense statutory maximum of 40 years applicable to the offense of conviction pursuant to USSG § 4B1.1(b)(2).  The defendant received a three-level credit for acceptance of responsibility, resulting in a Total Offense Level of 31, with a Criminal History category of VI, yielding an advisory guideline range of 188 to 235 months.  If not for the defendant's career offender status, he would have received a Total Offense Level of 29, with a Criminal History category of IV, yielding an advisory guideline range of 121 to 151 months, based upon the 8,995.5562 kilograms of marijuana equivalency for which he was held accountable.

Although the court granted a downward variance based on the nature of the defendant's two prior controlled substance felony convictions and his cooperation at the time of his arrest, the court did not grant an overrepresentation departure from the career offender guideline, nor did it rely on the crack

guidelines in establishing the guideline range or in calculating the extent of its variance.  See, United States v. Munn, 595 F.3d 183, 192 (4th Cir. 2010) ("[A] defendant's career offender designation does not bar a § 3582(c)(2) sentence reduction based on Amendment 706 [effective retroactively on March 3, 2008] if (1) the sentencing court granted an Overrepresentation Departure from the career offender guideline range, and (2) the court relied on the Crack Guidelines in calculating the extent of the departure.").  As just noted, neither of those two required conditions is met here, where the reduction would be sought under Amendment 750 effective November 1, 2011.

      Moreover, the court ruled on this same matter by order entered November 19, 2012, when the court responded to defendant's letter request addressed to the undersigned judge, received on November 28, 2011, and filed on November 19, 2012, the entire text of which is as follows:

> My name is Romairo Mabry.  I was convicted of a crack offense.  I would like for the courts to appoint me an attorney to review my case, to determine weather [sic] I'm eligible for the retroactive crack reduction.

The court's order of November 19, 2012, reads in pertinent part:

> The defendant was sentenced on June 22, 2010, to a period of 150 months imprisonment as a career offender, calculated pursuant to U.S.S.G. § 4B1.1(a) and (b).  Inasmuch as defendant's guideline range was not calculated pursuant to the pre-amended version of

3

U.S.S.G. § 2D1.1, he is thus not entitled to relief under the retroactive amendment that modified that guideline section. Accordingly, the court, sua sponte, ORDERS that there be no reduction in the defendant's sentence based on the above-referenced amendment.

The defendant's request for counsel received by the court on November 28, 2011, which is hereby ORDERED filed, is denied as unnecessary.

For the foregoing reasons, the court ORDERS that defendant's motion for reduction of sentence be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

ENTER: July 9, 2014

_____
John T. Copenhaver, Jr.
**United States District Judge**

4